## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

RONALD SEYMOUR, et al.,

        Plaintiffs,

v.                                    CIVIL ACTION NO.  2:07-cv-00552

FEDERAL DEPOSIT INSURANCE CORPORATION,

        Defendant.

### MEMORANDUM OPINION & ORDER

Pending before the court is the defendant Federal Deposit Insurance Corporation's Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction [Docket 99].  For the reasons explained below, this motion is **GRANTED**.

The plaintiffs brought this case against Washington Mutual Bank in 2007.  On October 9, 2008, on the eve of trial, the Federal Deposit Insurance Corporation ("FDIC") moved to be substituted as party defendant [Docket 93].  Because FDIC had been appointed receiver of Washington Mutual Bank by the Officer of Thrift Supervision, I granted this motion [Docket 94]. The FDIC next moved for a six month stay of proceedings pending exhaustion of administrative remedies pursuant to 12 U.S.C. § 1821(d)(5)(A)(I); I granted this motion as well, staying the case until July 20, 2009 [Docket 98].

The FDIC subsequently disallowed the plaintiffs' claims on April 28, 2009.  (Aff. Peter Barter [Docket 101], Ex. C.)  The notice informed the plaintiffs that, pursuant to 12 U.S.C. § 1821 (d)(6), they had sixty days to file a lawsuit on the claim, or continue any lawsuit commenced before the appointment of FDIC as receiver.  The notice also informed the plaintiffs that a failure to act

within the 60-day period would result in a final disallowance of their claims.  (*Id.* (citing 12 U.S.C.

§ 1821 (d)(6)(B)).)

The plaintiffs have not filed anything with this court in over a year.  Although the stay

expired on July 30, 2009, they have not moved to lift the stay, or recommenced litigation in any way

whatsoever, and have even failed to respond to the defendant's Motion to Dismiss.

Section 1821(d)(6)(B) states:

If any claimant fails to--

**(i)** request administrative review of any claim . . . ; or

**(ii)** file suit on such claim (or continue an action commenced before the appointment
of the receiver),

before the end of the 60-day period . . . , the claim shall be deemed to be disallowed
(other than any portion of such claim which was allowed by the receiver) as of the
end of such period, such disallowance shall be final, and the claimant shall have no
further rights or remedies with respect to such claim.

Further administrative review was not an option for the plaintiffs in this case because the

FDIC made clear to them that a lawsuit was the only possible avenue for appeal.  *See* 12 U.S.C. §

1821(d)(7)(A) (stating that administrative review is possible if "the Corporation agrees to such

request"); *see also Hanson v. F.D.I.C.*, 113 F.3d 866, 870 (8th Cir. 1997) ("[Section] 1821(d)(7)(A)

leaves to the FDIC the decision of whether to accept or reject a claimant's request for administrative

review.").  Thus, because the plaintiffs failed to continue their lawsuit commenced before the

appointment of the receiver within the sixty-day statute of limitations, the FDIC's disallowance of

their claims is final, and the claimants have no further rights or remedies with respect to these

claims.  *See, e.g., Hanson*,113 F.3d at 869–70 ("[T]he failure of a claimant to satisfy the

requirements of § 1821(d)(6)(B) within the prescribed time period bars the claimant from seeking

judicial review of his claim."); *Lakeshore Realty Nominee Trust v. FDIC*, 1994 WL 26913, at *1

(D.N.H. 1994) ("[S]ince plaintiff did nothing to attempt to have the stay lifted in this case within the 60-day period . . . I grant defendant's motion to dismiss.").

Accordingly, the defendant's Motion to Dismiss [Docket 99] is **GRANTED**.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        October 23, 2009

Joseph R. Goodwin, Chief Judge